**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**C.D.S. MOVING EQUIPMENT, INC.,** a California Corporation,
Plaintiff,

v.

**PACKAGING EXCHANGE INC.,** a Delaware corporation, **MCS HOLDINGS, LLC,** a Colorado Limited Liability Company, **LEAH MEDINA**, an individual, **BLAIR COOPER**, an individual,

Defendants.

---

**VERIFIED COMPLAINT**

---

Plaintiff, C.D.S. Moving Equipment Inc. ("CDS" or "Plaintiff") by and through its attorneys, Robinson & Henry PC, and for its Complaint against the above-named Defendants, Packaging Exchange, Inc., ("Packaging"), Blair Cooper, ("Cooper"), Leah Medina, ("Medina"), and MCS Holdings, LLC ("MCS") (Collectively "Defendants") states as follows:

## I. <u>NATURE OF THE ACTION</u>

1. Plaintiff brings this action seeking economic, consequential, and exemplary damages for tortious interference, breach of contract, breach of the Defend Trade Secrets Act and breach of the Colorado Uniform Trade Secrets Act. This verified complaint is accompanied by an affidavit from CDS' Chief Financial Officer, Michael Barwick, and verified motion seeking injunctive relief to prevent this ongoing wrongful conduct.

## II. **PARTIES**

2. Plaintiff is a California Corporation authorized to do business in Colorado and in good standing.
3. Plaintiff's principal office and mailing address is located at 375 W Manville St., Compton, California 90220.
4. Plaintiff's Colorado registered agent's address is 95 Emerson St. #601 Denver, Colorado 80218.
5. Packaging is a Delaware corporation authorized to do business in Colorado and is in good standing.
6. Packaging's principal office is located at 230 Bemont Dr. Somerset, NJ 08873.
7. Packaging's principal mailing address is 9205 Eagle Drive, #300-484, Mont Belvieu, TX 77523.
8. Packaging's Colorado Registered agent is located at 1900 W. Littleton Blvd, Littleton, Colorado 80120.
9. MCS was a Colorado limited liability company, dissolved in August of 2022 by Medina.
10. MCS' principal street address was 13802 East 33rd place, Unit B, Aurora, CO 80011.
11. MCS' registered agent was Medina with an address of 13802 East 33rd place, Unit B, Aurora, CO 80011.
12. Cooper is a Colorado resident with an address of 9809 Rock Dove Lane, Highlands Ranch, CO 80129.
13. Medina is a Colorado resident with an address of 11921 Barrentine Loop, Parker, CO 80138.

## III. JURISDICTION AND VENUE

14. Jurisdiction is asserted pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, and there is complete diversity of citizenship between the parties.

15. Venue is proper under 28 U.S.C. § 1391 because all of the claims identified in this complaint occurred in Colorado. Both Medina and Cooper worked solely in Colorado.

## IV. FACTUAL BACKGROUND

16. On or about August 20, 2021, Plaintiff entered into a purchase agreement with MCS Holdings, LLC's ("MCS") to acquire one hundred percent (100%) interest in Rocky Mountain Pioneer, LLC ("Rocky Mountain"), a Colorado limited liability company. Attached hereto as Exhibit 1 and referred to as the "Agreement".

17. In exchange for one million six hundred and sixty dollars ($1,660,000.00), Plaintiff would acquire Rocky Mountain.

18. Prior to the execution of the Agreement, Plaintiff did not have an established presence in Colorado. This Agreement represented an expansion of their business and acquiring Rocky Mountain's customers, contracts and goodwill in the area was the main focus.

19. Indeed, there was no deal without Rocky Mountain's business. *See* Exhibit 2 Barwick Aff.

20. In addition, as a material term of the agreement, two of the MCS' member owners would continue to work for Plaintiff through separate employment contracts for the term of five years. The employees' names were Leah Medina and Blair Cooper. Medina and Cooper's employment contracts are attached hereto as Exhibits 3 and 4 and are hereafter referred to as the "Contracts".[1]

[1] Medina's contract calls for the application of Colorado law and Cooper's calls for the application of California law.

21. Shortly after the execution of the Agreement, Medina and Cooper's responsibilities included, but were not limited to, running the Denver operations.

22. Medina's title was Vice President of the Rocky Mountain Region and Cooper's title was sales representative.

23. Packaging is a direct competitor of MCS, Rocky Mountain and Plaintiff.

24. Medina and Cooper worked for Plaintiff for nearly three years.

25. CDS, through the Agreement and acquisition and use of Medina and Cooper's knowledge of the Colorado market, hoped to expand and build the foundational customer base that was acquired through the Agreement.

26. In or about August 2024, Packaging contacted both Medina and Cooper and incentivized them to break their Contracts, in an effort to have them work for Packaging and put Plaintiff out of business.

27. Upon information and belief, during a conference call Packaging's CEO made comments to staff that Packaging's intent was to put CDS out of business.

28. Shortly after this tortious conduct the CEO of Packaging approached one of the owners of CDS through LinkedIn stating that he would like to inquire whether he could purchase CDS.

29. Upon information and belief, Packaging advised Medina and Cooper that the non-compete, non-solicitation and confidentiality provisions contained in their Contracts were not enforceable.

30. Medina and Cooper surreptitiously and mischievously packed up the Denver office in an afternoon without informing anyone at CDS.

31. Immediately after resigning from CDS, Cooper and Medina were in CDS' customer's offices the next day on behalf of Packaging.

32. Cooper and Medina continue to contact current customers of CDS on behalf of Packaging.

33. Packaging continues to contact current employees of CDS.

34. Through their continued breach of their contractual obligations Medina and Cooper have used trade secrets and confidential information they obtained through their employment, such as Plaintiff's customer's lists and pricing to solicit current customers of Plaintiff.

35. Cooper and Medina, in furtherance of their wrongful conduct, stole CDS' customers by making disparaging comments about CDS, lying about its financial status stating among other things that the customer should sign with Packaging because CDS is going out of business.

36. As a result of Packaging, Cooper and Medina's conduct Plaintiff has lost hundreds of contracts totaling millions of dollars.

37. California Counsel for Plaintiff sent cease and desist letters to the Cooper and Medina demanding they cease all wrongful conduct as outlined above.

38. Cooper and Medina have personally ignored Plaintiff's demands.

39. Packaging responded on behalf of Medina and Cooper, asserting among other things, that the non-compete agreements were not enforceable.

40. As a direct result of the Defendants' actions Plaintiff has incurred damages that are in the millions of dollars.

## V. FIRST CLAIM FOR RELIEF – *Tortious Intentional Interference with Contract Against Packaging Exchange, Inc.*

41. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth herein.

42. Here, Contracts existed between Plaintiff and Medina and Cooper.

43. Packaging knew of the Contracts with Medina and Cooper.

44. As outlined above, Packaging intentionally and improperly interfered with the Contracts in order to gain some competitive advantage by incentivizing Medina and Cooper to break their Contracts and poach customers of Plaintiff.

45. Medina and Cooper did in fact break their Contracts.

46. As a direct result of Packaging's actions and Medina and Cooper's breach, Plaintiff has lost hundreds of customers.

47. As a direct result of Packaging's actions and Medina and Cooper's breach, Plaintiff has incurred damages in an amount to be determined at trial but in excess of one million dollars ($1,000,000.00).

## VI. <u>SECOND CLAIM FOR RELIEF</u> – *Breach of Contract Against Leah Medina and Blair Cooper.*

48. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth herein.

49. Plaintiff, Cooper, and Medina entered into valid contracts.

50. Medina and Cooper have breached and remain in breach of their contracts by accepting positions with Packaging in violation of their contracts' non-compete provisions. *See* Exhibit 1 Section (b)(i-v).

51. Medina and Cooper have breached and remain in breach of their contracts by continuing to solicit Plaintiff's customers in violation of their contract's non-solicitation provisions. *See* Exhibit 1 Section 11(b)(i-v).

52. Medina and Cooper have breached and remain in breach of their contracts by violating the confidentiality provisions in the contracts. *See* Exhibit 1 Section 11(a)

53. Medina and Cooper have breached and remain in breach of their contract by violating the contract's Non-Disparagement provisions. *See* Exhibit 1 Section 11(c).

54. As a direct result of Medina and Cooper's breaches of their respective contracts, Plaintiff has suffered damages in an amount to be determined at trial but in excess of one million dollars ($1,000,000.00).

## VII. <u>THIRD CAUSE OF ACTION</u> – *Misappropriation of Trade Secrets Pursuant to 18 U.S.C.S. § 1836(b) Against Medina, Cooper and Packaging*

55. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth herein.

56. Plaintiff possesses trade secrets relating to their interstate and foreign business dealings. Those trade secrets include customer lists and pricing, documents related to how pricing is determined, vendor lists, business forecasts, sales revenue information, rate sheets customer quotes and other sensitive information.

57. Plaintiff took reasonable measures to maintain the secrecy of their trade secrets.

58. Plaintiff's trade secrets derive independent economic value from not being generally known to, and not being readily ascertainable by proper means by, another person who can obtain economic value from the disclosure or use of the information.

59. Cooper, Medina and Packaging wrongfully misappropriated Plaintiff's trade secrets in violation of 18 U.S.C.S. § 1836 and are improperly using Plaintiff's trade secrets for Packaging's benefit.

60. Medina and Cooper intentionally and improperly disclosed Plaintiff's trade secrets to Packaging and due to their Contracts, knew that their actions were improper, and done wrongfully and maliciously.

61. Packaging, Medina and Cooper's intent is evident by the fact that immediately upon their resignation from CDS, they were in the offices of customers the next day making disparaging comments all on behalf of Packaging.

62. Packaging knew that Medina and Cooper were under contract with Plaintiff, knew the terms of their contracts, knew that its discovery of Plaintiff's trade secrets was improper willful and malicious.

63. Medina, Cooper and Packaging have intentionally stolen and wrongfully retained Plaintiff's trade secrets.

64. Plaintiff is being irreparably harmed by Cooper, Medina and Packaging's misappropriation and misuse of their trade secrets.

65. Plaintiff has suffered actual damages from this misappropriation to the tune of millions of dollars.

66. Medina, Cooper, and Packaging have been unjustly enriched by the misappropriation of Plaintiff's trade secrets.

67. In conjunction with this Complaint, Plaintiff is seeking an injunction to enjoin Medina, Cooper and Packaging from continuing to use Plaintiff's trade secrets. 18 U.S.C.S. § 1836(b)(3)(A)

68. Pursuant to statute, Plaintiff is seeking compensatory damages, unjust enrichment damages, punitive damages and attorney's fees. 18 U.S.C.S. § 1836(b)(3)(B)(C)(D).

## VIII. <u>FOURTH CAUSE OF ACTION</u> – *Breach of Colorado Uniform Trade Secrets Act – Medina, Cooper and Packaging*

69. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth herein.

70. Plaintiff's trade secrets derive independent economic value from not being generally known to, and not being readily ascertainable by proper means by, another person who can obtain economic value from the disclosure or use of the information.

71. Plaintiff's trade secrets derive independent economic value from not being generally known to, and not being readily ascertainable by proper means by, another person who can obtain economic value from the disclosure or use of the information.

72. Prior to Medina, Cooper and Packaging's tortious conduct, Plaintiff's trade secret information was not known to any company or any individual due to the reasonable measures Plaintiff used to maintain the secrecy of their trade secrets.

73. Cooper, Medina and Packaging wrongfully misappropriated Plaintiff's trade secrets in violation of Colorado's Uniform Trade Secrets Act §7-74-101 — 7-74-110.

74. Cooper, Medina and Packaging's actions were done intentionally, willfully and maliciously.

75. Packaging, Medina and Cooper's intent is evident by the fact that immediately upon their resignation from CDS, they were in the offices of customers the next day making disparaging comments all on behalf of Packaging.

76. Packaging, Medina, and Cooper's misappropriation of Plaintiff's trade secrets has caused and continues to cause irreparable injury and damages to Plaintiff.

77. The only way this injury will cease is if Medina, Cooper, and Packaging's improper actions are enjoined by the Court.

78. Plaintiff is entitled to all available remedies pursuant to Colorado law including equitable relief in the form of a temporary and permanent injunction pursuant to C.R.S. §7-74-103.

79. Plaintiff is entitled to actual losses caused by the misappropriation as well as unjust enrichment damages caused by the misappropriation and attorney fees.

80. Due to the willful and malicious actions of Medina, Cooper and Packaging, Plaintiff is seeking exemplary damages pursuant to §7-74-104(2)

## IX. <u>FIFTH CAUSE OF ACTION</u> – BREACH OF CONTRACT - *RECISSION – MCS Holdings, LLC*

81. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth herein.

82. CDS and MCS entered into a valid Contract for the sale of Rocky Mountain. *See* Exhibit 1.

83. Material terms of that Agreement included the continued employment by Medina and Cooper as well as non-disparagement.

84. CDS has fulfilled all of its obligations under the Agreement or has been excused from the same.

85. By breaching their employment contracts and making disparaging remarks about CDS Cooper and Medina have breached the terms of the Agreement.

86. As a direct result of the breach of the Agreement by MCS, Medina, and Cooper. CDS has incurred damages in an amount to be determined at trial but is in the millions of dollars.

87. Had Plaintiff known that Medina and Cooper would not finish out their employment contracts CDS would have never entered into the Agreement.

88. Due to Medina and Cooper's actions the entire purpose of the acquisition is now destroyed.

89. Based on the foregoing, CDS seeks the equitable remedy of recission and return of the monies and expenses incurred from Medina, Cooper and MCS's breach.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court enter judgment in its favor and against Defendants on its Claims for Relief, pre and post-judgment interest and for such other and further relief as this Court may deem just.

Dated: October 14, 2024.

Respectfully submitted,

**ROBINSON & HENRY, P.C.**

*/s/ Richard E. Schmittel*
Joseph P. Sanchez, #20975
Richard Schmittel, Jr. #47221
Robinson and Henry, P.C.
11080 Circle Point Rd, Suite 140
Westminster, Colorado 80020
*Attorneys for Plaintiff*

Plaintiff's Address
375 W Manville St.
Compton, California 90220.